**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Otis CUTLER, Jr., Defendant–Appellant.**

No. 93–5733.

United States Court of Appeals,
Fourth Circuit.

Argued May 12, 1994.

Decided Sept. 30, 1994.

**ARGUED:** James Dennis Murphy, Jr., Annapolis, MD, for appellant. Douglas Brooke Farquhar, Asst. U.S. Atty., Baltimore, MD, for appellee. **ON BRIEF:** Lynne A. Battaglia, U.S. Atty., Baltimore, MD, for appellee.

Before WILLIAMS, Circuit Judge, PHILLIPS, Senior Circuit Judge, and HILTON, United States District Judge for the Eastern District of Virginia, sitting by designation.

Affirmed by published opinion. Judge HILTON wrote the opinion, in which Judge WILLIAMS and Senior Judge PHILLIPS joined.

## OPINION

HILTON, District Judge:

Appellant Otis Cutler ("Cutler") brings this appeal challenging the District Court's determination that he be subject to a four point increase pursuant to section 2K2.1(b)(5) of the United States Sentencing Commission Guidelines for transferring a firearm with knowledge that it would be used in connection with another felony offense.

Appellant obtained a firearms license in October, 1992. From that month until March of 1993, he bought 184 guns and distributed the majority of them to his neighbor, Wilton Caver.[1] Cutler was thereafter indicted for conspiracy to deal in firearms, illegal dealing in firearms, felon in possession of a firearm, receiving firearms after having been indicted, and knowing transfer of firearms for use in drug trafficking crimes. On May 12, 1993, Cutler plead guilty to a count alleging that he violated 18 U.S.C. § 922(n) (knowing receipt of a firearm in interstate commerce while under indictment for a felony theft charge).

Cutler and the government reached agreement on many of the facts and on all of the sentencing factors except the one at issue. The parties stipulated that the majority of the guns distributed were semiautomatic pistols. The parties further stipulated that although Cutler did not know the identity of the people to whom Caver supplied guns, he did know that Caver kept company with young persons who drove expensive cars in run-down urban sections of Baltimore City. And they stipulated that Cutler had reason to believe that the guns were being distributed to drug dealers and drug abusers.

At the Sentencing Hearing the District Judge heard evidence in addition to the stipulated facts. Richard Young, a Special Agent of the federal Bureau of Alcohol, Tobacco and Firearms testified that about twenty guns purchased by Cutler had been recovered by the authorities in drug and murder cases in Baltimore County. In particular, guns purchased by the appellant were recovered in January, 1993 during two raids which resulted in the recovery of about 278 grams of cocaine. Young testified that when he was arrested, Cutler waived his right to remain silent and told Young that "the guns were sold to violent drug dealers and that if he [Cutler] told us who they were, he feared for his family's safety, that they would kill his family."

Following the hearing, the District Judge rejected appellant's argument that U.S.S.G. § 2K2.1(b)(5) required foreknowledge of a specific offense to be committed. Finding that Cutler had reason to believe that firearms sold by him were thereafter being transferred to people who were engaged in a continuing conspiracy to distribute controlled substances, the Court found that the enhancement should be applied to appellant's sentence.

On this appeal, we are asked to determine whether the language of U.S.S.G. § 2K2.1(b)(5) requires the defendant's knowledge of a specific felony offense intended by the recipients of firearms.

When reviewing the District Court's application of the Sentencing Guidelines, we must give due regard to the opportunity of the District Court to judge the credibility of the witnesses. We accept the findings of fact of the District Court unless they are clearly erroneous and give due deference to the District Court's application of the guidelines to the facts. 18 U.S.C. § 3742(e). When reviewing a District Court's legal interpretation of a guideline term, "the standard moves closer to *de novo* review." *United States v. Gary,* 18 F.3d 1123, 1127 (4th Cir.1994) (quoting *United States v. Daughtrey,* 874 F.2d 213, 217 (4th Cir.1989)).

---

**1.** 49 of the 184 guns were received by Cutler post-indictment.

United States Sentencing Commission Guideline section 2K2.1(b)(5) provides, in pertinent part, that,

> If the defendant used or possessed any firearm or ammunition in connection with another felony offense; or possessed or transferred any firearm or ammunition with knowledge, intent or reason to believe that it would be used or possessed in connection with another felony offense, increase by 4 levels....

U.S.S.G. § 2K2.1(b)(5) (emphasis in original).

■ We have previously stated that the Sentencing Guidelines should be applied as written. *See, e.g., United States v. Crawford*, 18 F.3d 1173 (4th Cir.1994). As written, § 2K2.1(b)(5) does not require a defendant's knowledge of a specific offense to be committed. The section imposes the increase when a defendant transfers a firearm or weapon with knowledge or reason to believe that it will be used or possessed in connection with another felony offense. While appellant argues that the section requires knowledge of some specific offense, the use of the word "another" as the sole modifier of "felony offense" does not command such a narrow reading. As used in this context, "another" merely means "additional, one more."[2] While appellant would like the section to read "another *specific* felony offense", it does not.

The First Circuit has looked at U.S.S.G. § 2K2.1(b)(5) and interpreted it to require an enhancement where the defendant was not aware of a specific felony offense to be committed with transferred guns. *United States v. Brewster*, 1 F.3d 51, 54 (1st Cir.1993) (defendant sold drugs and a gun to an undercover agent who expressed an interest in dealing illegal drugs and a need of a gun to facilitate the plan).[3]

■ We find that section 2K2.1(b)(5) is clear on its face and requires the increase when a firearm is transferred with knowledge, intent or reason to believe that it would be used in connection with another felony offense. The evidence supports the District Judge's finding that Cutler had reason to believe that many of the firearms were ultimately being transferred to people engaged in a continuing conspiracy to distribute narcotic drugs, a felony under 21 U.S.C. § 846. The evidence in the case and the appellant's stipulation that he had reason to believe that the guns he sold to Mr. Caver were being distributed to drug abusers and drug dealers leaves no doubt that he knew that the guns were being used in connection with another felony offense.

■ Appellant argues that the rule of lenity should be applied when interpreting U.S.S.G. § 2K2.1(b)(5). While the rule may be applied in the context of the Sentencing Guidelines, it "is not applicable unless there is a 'grievous ambiguity or uncertainty in the language and structure'" of a statute. *Chapman v. United States*, 500 U.S. 453, 463, 111 S.Ct. 1919, 1926, 114 L.Ed.2d 524 (1991) (quoting *Huddleston v. United States*, 415 U.S. 814, 831, 94 S.Ct. 1262, 1272, 39 L.Ed.2d 782 (1974)). Having found the guideline section clear on its face, there is no need to further address appellant's lenity argument.

*AFFIRMED.*

---

2. The American Heritage Dictionary, Second College Edition (1982).

3. Other Courts have reached the same conclusion. *See, e.g., United States v. Cummings*, No. 90–2037, 1994 WL 91825 (6th Cir. March 22, 1994) (defendant stole firearms and sold them at low prices to people who knew the guns were stolen and who Cummings acknowledged to be involved in criminal behavior); *United States v. Romero*, No. 93–1573, 1993 WL 478497 (1st Cir. November 22, 1993) (defendant purchased multiple, inexpensive handguns on behalf of another and then delivered the guns to that person in New York City).