**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                                    No. 98-4284

HARRY J. BOYER,
Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of West Virginia, at Parkersburg.
Charles H. Haden II, Chief District Judge.
(CR-97-113)

Submitted: November 10, 1998

Decided: December 2, 1998

Before MURNAGHAN, LUTTIG, and MICHAEL, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Harry J. Boyer, Jr., New Orleans, Louisiana, for Appellant. Rebecca
A. Betts, United States Attorney, Susan M. Arnold, Assistant United
States Attorney, Charleston, West Virginia, for Appellant.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Harry J. Boyer, Sr., pled guilty to one count of interference with administration of internal revenue laws in violation of 26 U.S.C. § 7212(a) (1994). He was sentenced to an eighteen-month term of imprisonment and ordered to pay a $5000 fine. On appeal, Boyer contends that the sentencing court improperly: (1) computed the amount of loss for purposes of determining his base offense level; (2) found that Boyer used sophisticated means to evade detection; (3) denied an adjustment in offense level for acceptance of responsibility; and (4) refused a downward departure in sentencing. Finding no reversible error, we affirm.

Based upon an Internal Revenue Service ("IRS") audit for tax years 1986 and 1987, Boyer was found to have a tax liability of $50,459.47. In September 1992, Boyer submitted Form 656, Offer and Compromise, in which he proposed paying $5000 to settle the assessment, based upon his representation that he lacked financial ability to pay the entire amount.

However, Boyer had significant unreported assets available to pay the assessment. In 1989, Boyer settled a lawsuit against the State of Louisiana for $177,548.75. These funds were held in escrow by Boyer's attorney until he instructed the attorney in July 1992 to deposit the funds, totaling $93,000 after deduction of attorney's fees, into the saving accounts of two of Boyer's minor children. Boyer and his wife were custodians of these two accounts. In August 1992, Boyer received an additional $17,859 from Louisiana. On August 14, 1992, Boyer used these funds and an additional $15,800 withdrawn from his children's accounts as a down payment on a house. The house, valued at $146,000, was titled solely in Boyer's wife's name. Using cashier checks, Boyer transferred the remaining funds in his children's accounts into accounts at Shearson Lehman with only his wife listed as custodian.

It was shortly thereafter that Boyer submitted to the IRS his initial $5000 settlement offer. He failed to disclose the funds received from the State of Louisiana or his interest in real estate. The IRS discov-

2

ered that Boyer signed the Deed of Trust on the house. When confronted with this information, Boyer told the IRS that the funds used for the down payment came from his wife's parents.

In March 1993, Boyer increased his offer to settle to $10,000. Once again, he failed to disclose his interest in his house or the settlement. In April 1994, Boyer again offered to settle for $10,000. He then increased the offer to $20,000. At no time did Boyer disclose his assets. The IRS accepted Boyer's $20,000 offer. Boyer paid $15,000 and defaulted on the remaining $5000.

Boyer challenges his sentence on multiple grounds. In reviewing a district court's sentence under the Sentencing Guidelines, we accept the court's findings of fact unless they are clearly erroneous and give due deference to the court's application of the guidelines to the facts. See United States v. Cutler, 36 F.3d 406, 407 (4th Cir. 1994). The standard of review for the court's legal interpretation of the Guidelines is closer to de novo review. Id.

At sentencing, Boyer's base offense level was 13 based upon a tax loss of greater than $40,000 and less than $70,000. See U.S. Sentencing Guidelines Manual § 2T4.1(H) (1997). Boyer contended that the base offense level should be 12 because the intended loss was only approximately $30,000, based upon his offer to pay $20,000, and the actual loss was approximately $35,000, based upon his payment of $15,000. The court rejected this argument.

Under USSG § 2T1.1(c)(1), "tax loss is the total amount of loss that was the object of the offense (i.e., the loss that would have resulted had the offense been successfully completed)." The fact that Boyer paid $15,000 towards the assessment is of no consequence in computing his offense level under the Guidelines."The tax loss is not reduced by any payment of the tax subsequent to the commission of the offense." § 2T1.1(c)(5). Furthermore, the Sentencing Guidelines clearly contemplate that the tax loss is the amount of loss that the defendant intended to inflict, not the Government's actual loss. See United States v. Kraig, 99 F.3d 1361, 1370-71 (6th Cir. 1996). Thus, Boyer's contention that the court should have used $35,000 as the tax loss is without merit.

3

Boyer's alternative argument that the intended loss was only $30,000 based upon his offer of $20,000 is equally without merit. Boyer first offered to pay only $5000, evincing an intention that the tax loss be about $45,000. Even with his subsequent $10,000 offer, the intended tax loss remained above $40,000. Thus, we agree with the district court and find that 13 is the appropriate base offense level.

Boyer also contends the court erred by imposing a two-level offense level enhancement for using sophisticated means to impede discovery of his offense. See USSG § 2T1.1(b)(2). "Sophisticated means" includes "conduct that is more complex or demonstrates greater intricacy or planning than a routine tax-evasion case." USSG § 2T1.1, Comment. (n.4). We review this claim for clear error. See United States v. Becker, 965 F.2d 383, 390 (7th Cir. 1992).

Boyer instructed his attorney to hold the amount awarded in the settlement with the State of Louisiana. He subsequently deposited the award into his children's accounts. He then withdrew some of the money as custodian of the accounts to buy a home with ownership listed solely in his wife's name. Finally, through a series of cashier checks, he moved the funds to new accounts. It is obvious that Boyer did much more than merely not report his income or assets. Through this series of transactions, Boyer attempted to hide assets from the IRS in order to avoid paying the assessment. Such conduct clearly supports the two-level enhancement. See United States v. Minneman, 143 F.3d 274, 283 (7th Cir. 1998) (placement of funds in trust account); United States v. Clements, 73 F.3d 1330, 1340 (5th Cir. 1996) (converting funds into cashier's checks and depositing into wife's account); Becker, 965 F.2d at 390 (two-level enhancement for closing personal bank accounts and depositing funds in son's account). We thus find that the court did not err by imposing this enhancement.

Boyer contends the court erred by denying a two-level reduction in his offense level for acceptance of responsibility. See USSG § 3E1.1(a). The court found that Boyer was not entitled to the reduction because he refused to furnish financial information regarding a trust fund as requested by the probation officer. The court stated that "part of the candor expected by the Court in one who admits to a crime and accepts responsibility is openness and fully admitting the

4

crime charged and in fully disclosing the assets that may or may not be available to satisfy the matters at issue." Boyer claims that the requested financial information was not necessary because it merely reflected information he already disclosed. Again, we review the court's factual determination for clear error. See United States v. Myers, 66 F.3d 1364, 1372 (4th Cir. 1995).

Entry of a guilty plea constitutes significant evidence of acceptance of responsibility, but such evidence may be outweighed by conduct inconsistent with acceptance of responsibility. See USSG § 3E1.1, Comment. (n.3). We find that Boyer's refusal to disclose certain financial information is inconsistent with his acceptance of responsibility because it demonstrates a continued effort on his part to hide certain information. See United States v. Corral-Ibarra, 25 F.3d 430, 440 (7th Cir. 1994) (refusal to discuss circumstances of offense with probation office constitutes failure to accept responsibility); United States v. Cianscewski, 894 F.2d 74, 83 (3d Cir. 1990) (same). Thus, we conclude the court appropriately denied the reduction in offense level.

Boyer also contends the court erred in denying a downward departure from the Sentencing Guidelines based upon his age, family responsibilities, and aberrant behavior. Because the court understood it had the authority to order a downward departure, its refusal to order such a departure is not reviewable. See United States v. Lewis, 10 F.3d 1086, 1092 (4th Cir. 1993).

Based on the foregoing, we affirm Boyer's sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid in the decisional process.

AFFIRMED

5