UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                    No. 98-4172

DANIEL CYPROWSKI,
Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Virginia, at Roanoke.
James C. Turk, District Judge.
(CR-97-28)

Submitted: January 29, 1999

Decided: February 19, 1999

Before ERVIN, LUTTIG, and KING, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Lance Mitchell Hale, LANCE M. HALE & ASSOCIATES, Roanoke,
Virginia, for Appellant. Robert P. Crouch, Jr., United States Attorney,
Donald R. Wolthuis, Assistant United States Attorney, Roanoke, Vir-
ginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Daniel Cyprowski pled guilty to one count of being a felon in possession of a firearm in violation of 18 U.S.C.A.§ 922(g) (West 1976 & Supp. 1998). On appeal, Cyprowski contends the court erred by: (1) denying his motion to suppress evidence; (2) denying his motion for a base offense level of 6 because the firearm was used for sporting purposes; (3) refusing to grant a downward departure based upon an extraordinary physical impairment; and (4) refusing to grant a downward departure based upon his mental and emotional condition. Finding no reversible error, we affirm.

I.

In May 1996, officers of the United States Forest Service and the Virginia Game Commission observed Cyprowski possessing a shotgun at a campsite in a national forest. He was observed leaving the officer's viewing area. The officers then heard shots from an area Cyprowski had entered. Cyprowski reentered the officer's viewing area and placed his shotgun near the rear of his pickup truck. The officers approached Cyprowski, detained him, and secured the shotgun. He was subsequently charged with the instant offense.

Cyprowski unsuccessfully moved to suppress the shotgun on the basis that the search of his pickup truck was unlawful. After a hearing, the court denied the motion. Cyprowski then entered into a plea agreement in which he reserved the right to seek a base offense level of 6 based upon the assertion that possession of the shotgun was solely for sporting purposes.

The presentence investigation report ("PSI") recommended a base offense level of 14. See U.S. Sentencing Guidelines Manual § 2K2.1(a)(6) (1995). At sentencing, Cyprowski contended that the base offense level should be 6. Under USSG § 2K2.1(b)(2), if the firearm is used "solely for lawful sporting purposes or collection, and [the defendant] did not unlawfully discharge or otherwise unlawfully use such firearm[ ]," the base offense level is 6. The court disagreed

with Cyprowski's contention, finding that he discharged the shotgun in a national forest at a time when it was illegal to shoot the shotgun.

Cyprowski sought a downward departure based upon diminished capacity due to his depression. See USSG§ 5K2.13. He also sought a downward departure because he has spasmodic torticollis, a physical impairment. See USSG § 5H1.4. After hearing evidence, the court refused to depart from the applicable guidelines range, finding no "extraordinary physical or mental disability that would warrant a departure." (J.A. at 137). Cyprowski was sentenced to a term of 15 months' imprisonment, at the low end of the Sentencing Guidelines range.

II.

We decline to review the merits of the court's denial of Cyprowski's motion to suppress evidence of the shotgun. Cyprowski is foreclosed from appealing this specific antecedent nonjurisdictional error because he pled guilty without reserving his right to appeal the adverse decision. See Fed. R. Crim. P. 11(a)(2); Tollett v. Henderson, 411 U.S. 258, 267 (1973).

We turn our attention to Cyprowski's challenges to his sentence. Findings of fact by the court are accepted unless clearly erroneous. We review the court's legal interpretations of the guidelines de novo. See United States v. Cutler, 36 F.3d 406, 407 (4th Cir. 1994).

The court did not err in declining to apply a base offense level of 6. There was ample evidence to support the court's conclusion that Cyprowski used a loaded gun and fired that gun in a national forest during a closed season, which was prohibited by state and federal law. (J.A. at 57). See 36 C.F.R. § 2.4(a) (1997); 4 Va. Admin. Code § 15-40-60 (West, Westlaw through 14:25 Va. R. Aug. 31, 1998). Thus, a base offense level of 6 was not appropriate because Cyprowski's possession and use of the shotgun, ignoring for a moment that he was a convicted felon, was not otherwise lawful.

The denial of a request for a downward departure is reviewable only if the district court mistakenly believed that it lacked the authority to depart. See United States v. Underwood , 970 F.2d 1336, 1338

3

(4th Cir. 1992). There is no evidence in the record that the court believed it lacked authority to depart. In any event, Cyprowski was not entitled to a departure based on either his physical or his mental condition. A departure under § 5K2.13 is warranted in rare cases and only if the defendant suffers from something greater than emotional problems that also have a causal relationship to the crime. In order to qualify for this departure, a defendant must show an inability to process information or to reason. See United States v. Withers, 100 F.3d 1142, 1148 (4th Cir. 1996); cert. denied, ___ U.S. ___, 65 U.S.L.W. 3631 (U.S. Mar. 17, 1997). A departure under USSG§ 5H1.4 is warranted only for "extraordinary" physical impairments. There was no evidence that Cyprowski's mental, emotional, or physical problems contributed to his crime. Nor was there any evidence that he was unable to process information or reason to a significant degree. Furthermore, Cyprowski's physical impairments did not prevent him from traveling and camping alone and operating a vehicle.

Based on the foregoing, we affirm Cyprowski's conviction and sentence. We dispense with oral argument because the facts and legal conclusions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED