**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                No. 00-4126

BRIAN VINEYARD,
Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of West Virginia, at Bluefield.
David A. Faber, District Judge.
(CR-99-165)

Submitted: July 20, 2000

Decided: October 6, 2000

Before WILKINS, WILLIAMS, and MICHAEL, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Hunt L. Charach, Federal Public Defender, Mary Lou Newberger,
Assistant Federal Public Defender, Charleston, West Virginia, for
Appellant. Rebecca A. Betts, United States Attorney, John H. Tinney,
Jr., Assistant United States Attorney, Charleston, West Virginia, for
Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Brian Vineyard pled guilty to one count of possession with intent to distribute cocaine base and hydromorphone in violation of 21 U.S.C. § 841(a)(1) (1994). On appeal, Vineyard claims that the district court erred by imposing pursuant to U.S. Sentencing Guidelines Manual § 3A1.2(b) (1998), a three-level increase to the base offense level for assaulting the arresting officer in a manner giving rise to the possibility of serious bodily injury. Finding no reversible error, we affirm.

We "accept[s] the findings of fact of the District Court unless they are clearly erroneous and give[s] due deference to the District Court's application of the guidelines to the facts." United States v. Cutler, 36 F.3d 406, 407 (4th Cir. 1994). Under USSG § 3A1.2(b), if "during the course of the offense or immediate flight therefrom, the defendant . . . knowing or having reasonable cause to believe that a person was a law enforcement or corrections officer, assaulted such officer in a manner creating a substantial risk of serious bodily injury," the offense level is increased by three levels. We find that the district court did not err in concluding that Vineyard created a substantial risk of serious injury to the officer. See United States v. Ashley, 141 F.3d 63, 68-69 (2d Cir. 1998).

Accordingly, we affirm the conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED