UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
          *Plaintiff-Appellee,*

v.                                         No. 00-4641

ERNEST LOVELL PERKINS,
          *Defendant-Appellant.*

Appeal from the United States District Court
for the Eastern District of North Carolina, at Greenville.
Malcolm J. Howard, District Judge.
(CR-99-51-H)

Submitted: February 28, 2001

Decided: April 25, 2001

Before WILKINS, MICHAEL, and TRAXLER, Circuit Judges.

---

Vacated and remanded by unpublished per curiam opinion.

---

**COUNSEL**

Thomas P. McNamara, Federal Public Defender, Stephen C. Gordon, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant. Janice McKenzie Cole, United States Attorney, Anne M. Hayes, Assistant United States Attorney, Peter W. Kellen, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

Following a guilty plea to one count of conspiracy to steal firearms from a licensed dealer in violation of 18 U.S.C. § 371 (1994), Ernest Lovell Perkins was sentenced to twenty-one months in prison. In this timely appeal from his sentence, Perkins contends that the district court erred by enhancing his sentence pursuant to *United States Sentencing Guidelines Manual* § 2K2.1(b)(5) (1998). We agree. Consequently, we vacate Perkins' sentence and remand for resentencing.

Perkins and his cousin, Dendriz Dante Williams, stole guns from Jolly's Pawn Shop. Perkins drove a truck through the front entrance and Williams entered the store, smashed open a display case, and carried out eight handguns. The men sold six of the guns "on the street" a few days later. After considering and rejecting Perkins' objections, the district court applied the four-level enhancement under USSG § 2K2.1(b)(5). This guideline provision states that "[i]f the defendant . . . possessed or transferred any firearm or ammunition with knowledge, intent, or reason to believe that it would be used or possessed in connection with another felony offense, increase by *4* levels." (emphasis in original).

We find that the fact that the guns were "sold on the street" is insufficient to establish that Perkins had reason to believe that the guns would be used or possessed in connection with another felony. The presentence report stated that Perkins and Williams sold some of the stolen guns to a crack dealer. However, the district court did not make a factual finding regarding whether the guns were indeed sold to a crack dealer. In the absence of such a finding, we cannot determine whether the enhancement might be appropriate on this basis. *See generally United States v. Cutler*, 36 F.3d 406, 408 (4th Cir. 1994).

For these reasons, we vacate Perkins' sentence and remand for the district court (1) to determine whether Perkins and Williams know-

ingly sold any of the stolen weapons to a crack dealer and (2) to resentence Perkins consistent with that determination. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*VACATED AND REMANDED*