UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
               *Plaintiff-Appellee,*

v.                                              No. 00-4730

KIRK MILLER,
               *Defendant-Appellant.*

Appeal from the United States District Court
for the Eastern District of Virginia, at Richmond.
James R. Spencer, District Judge.
(CR-00-7)

Submitted: April 13, 2001

Decided: May 3, 2001

Before MICHAEL, TRAXLER, and GREGORY, Circuit Judges.

Affirmed by unpublished per curiam opinion.

## COUNSEL

Matthew Patrick Geary, HAIRFIELD & MORTON, P.L.C., Richmond, Virginia, for Appellant. Helen F. Fahey, United States Attorney, Brian R. Hood, Assistant United States Attorney, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

## OPINION

PER CURIAM:

Kirk Miller appeals his jury conviction and 108-month sentence for sexual abuse. Miller challenges the district court's refusal to give three requested jury instructions and his sentence enhancement for obstruction of justice. We review a district court's denial of requested jury instructions for abuse of discretion. *United States v. Stotts*, 113 F.3d 493, 496 (4th Cir. 1997). We review the district court's application of the sentencing guidelines for clear error. *United States v. Cutler*, 36 F.3d 406, 407 (4th Cir. 1994). Finding neither error nor abuse of discretion, we affirm.

Miller admitting having sexual intercourse with Wanda Booker on the Fort Lee army base. The contested issue involved whether Booker, due to her level of intoxication, had the capacity to consent to the sexual act. Both Miller and Booker attended a Christmas party hosted by a mutual friend. The two engaged in a drinking game, and Booker became intoxicated. Miller drove Booker home in Booker's car. Booker had no recollection of the drive home and recalled only alighting from her car, entering the house, and turning on a hallway light. She next awoke in the driver's seat of her car, which was in a ditch. She was wrapped in a comforter, naked except for a brassiere. Booker's blood alcohol concentration as measured by a Breathalyzer test was 0.17.

As Booker's level of intoxication subsided, she noticed increasing pain in her anus. A forensic sexual assault exam revealed nine recent external lacerations of her anus and one internal laceration of her rectum. The examining medical professionals opined that the damage was the result of blunt force trauma, not consensual sexual interaction. In addition, the examining physician testified Booker demonstrated the most severe case of rectal tearing he had observed in his twenty years of performing sexual assault examinations.

At trial, Miller requested jury instructions on consent, physical helplessness, and physical resistance. Because Miller agreed to the use of the term "physically incapable" rather than "physically helpless," we review this aspect of his challenge on appeal for plain error.

*See* Fed. R. Crim. P. 52(b); *United States v. Olano*, 507 U.S. 725, 732-33 (1993); *United States v. Hastings*, 134 F.3d 235, 239 (4th Cir. 1998). We have reviewed Miller's claims and the court's instructions and find the district court neither abused its discretion nor plainly erred.

Miller's sentence was enhanced for obstruction of justice because Miller provided a false social security number, offered a name which is a common alias, and claimed to be unable to provide law enforcement officials with basic information about his family. We find the district court's application of the guidelines was not clear error. We therefore affirm the judgment of conviction and sentence of the district court. *See United States v. Miller*, No. CR-00-7 (E.D. Va. Oct. 10, 2000). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*