UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
        *Plaintiff-Appellee,*

v.                                          No. 01-4614

RODNEY GLENN PARNELL,
        *Defendant-Appellant.*

Appeal from the United States District Court
for the Middle District of North Carolina, at Durham.
James A. Beaty, Jr., District Judge.
(CR-01-39)

Submitted: November 26, 2001

Decided: December 10, 2001

Before LUTTIG and TRAXLER, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

## COUNSEL

Louis C. Allen, III, Federal Public Defender, Eric D. Placke, Assistant
Federal Public Defender, Greensboro, North Carolina, for Appellant.
Benjamin H. White, Jr., United States Attorney, Michael F. Joseph,
Assistant United States Attorney, Greensboro, North Carolina, for
Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

## OPINION

PER CURIAM:

Rodney Glenn Parnell pled guilty to possession of a machine gun, in violation of 18 U.S.C. § 922(o) (1994) and possession of an unregistered silencer, in violation of 26 U.S.C. § 5861(d) (1994). On appeal, Parnell claims the district court erred by imposing pursuant to *U. S. Sentencing Guidelines Manual* § 3A1.2(b) (2000), a three-level increase in base offense level for assaulting the arresting officer in a manner giving rise to the possibility of serious bodily injury. Finding no reversible error, we affirm.

We review the findings of fact of the district court for clear error and give due deference to the district court's application of the guidelines to the facts. *United States v. Cutler*, 36 F.3d 406, 407 (4th Cir. 1994). Under USSG § 3A1.2(b), if "during the course of the offense or immediate flight therefrom, the defendant . . . knowing or having reasonable cause to believe that a person was a law enforcement or corrections officer, assaulted such officer in a manner creating a substantial risk of serious bodily injury," the offense level is increased three levels. We conclude the district court did not clearly err in applying USSG § 3A1.2. *See United States v. Sloley*, 19 F.3d 149, 154 (4th Cir. 1994).

Accordingly, we affirm Parnell's sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*