UNPUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
          *Plaintiff-Appellee,*

v.

TIBEL CLARK, a/k/a Felix Johnson,
          *Defendant-Appellant.*

No. 01-4952

Appeal from the United States District Court
for the District of South Carolina, at Florence.
C. Weston Houck, District Judge.
(CR-01-56)

Submitted: September 27, 2002

Decided: December 10, 2002

Before WIDENER and GREGORY, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

## COUNSEL

Gordon McBride, MCBRIDE LAW FIRM, Hartsville, South Carolina, for Appellant. Alfred William Walker Bethea, Assistant United States Attorney, Florence, South Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Tibel Clark appeals from his convictions and 262-month sentence for conspiracy to distribute and possession with intent to distribute fifty grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(a), 846 (2000). Clark's attorney filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), briefing two issues, but concluding there was no error. Clark has filed a pro se brief challenging the sentencing court's career offender determination and moving for new counsel on appeal.

The first issue raised in the *Anders* brief is the adequacy of the Rule 11 hearing. Because Clark did not move to withdraw his guilty plea in the district court, this court reviews the Rule 11 proceeding for plain error. *See United States v. Martinez*, 277 F.3d 517, 527 (4th Cir.), *petition for cert. filed*, ___ U.S.L.W. ___ (U.S. Apr. 10, 2002) (No. 02-5170). An appropriately conducted Rule 11 proceeding raises a strong presumption that the plea is final and binding. *United States v. Puckett*, 61 F.3d 1092, 1099 (4th Cir. 1995). The record establishes the Rule 11 hearing was adequate, and the district court did not err in accepting Clark's guilty plea. *See United States v. DeFusco*, 949 F.2d 114, 117, 120 (4th Cir. 1991).

The second issue Clark's counsel raises is whether the district court erred in sentencing Clark as a career offender based on two prior convictions that occurred on separate occasions in May and December 1990. The argument made on Clark's behalf is that these offenses should have been considered related according to USSG § 4A1.2, comment. (n.3). We review the sentencing court's findings of fact related to sentencing for clear error and give deference to its application of the Sentencing Guidelines to the facts. *See United States v. Cutler*, 36 F.3d 406, 407 (4th Cir. 1994).

Prior convictions are not considered related if the offenses were separated by an intervening arrest. § 4A1.2, comment. (n.3). Even prior cases that have been consolidated for sentencing are not exempted from this rule. *United States v. Huggins*, 191 F.3d 532, 539 (4th Cir. 1999). The record reflects that Clark was arrested indepen-

dently for each charge on July 18, 1990 and December 5, 1990. Therefore, this claim is meritless.

In his pro se filing, Clark asserts he was improperly sentenced as a career offender because one of the predicate convictions did not exist. We find no plain error in this respect. *See United States v. Olano*, 507 U.S. 725, 731-32 (1993).

As required by *Anders*, we have reviewed the entire record and have found no meritorious issues for appeal. We therefore affirm Clark's conviction and sentence and deny his motion to relieve or substitute counsel. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*