<u>UNPUBLISHED</u>

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 05-4290**

———————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

MESURON D. TAYLOR, a/k/a Mezy,

Defendant - Appellant.

———————

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond.  James R. Spencer, Chief District Judge.  (CR-04-250)

———————

Submitted:  August 10, 2005          Decided:  August 23, 2005

———————

Before SHEDD and DUNCAN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

———————

Affirmed by unpublished per curiam opinion.

———————

Audrey Freeman jaCobs, Richmond, Virginia, for Appellant.  Paul J. McNulty, United States Attorney, Matthew C. Ackley, Special Assistant United States Attorney, Richmond, Virginia, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Mesuron D. Taylor, a.k.a. "Mezy," appeals his thirty-four month term of imprisonment following his guilty plea to possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g)(1) (2000). Taylor contends that the district court clearly erred in applying a four-level enhancement for possession of a firearm "with knowledge, intent, or reason to believe that it would be used or possessed in connection with another felony offense" pursuant to U.S. Sentencing Guidelines Manual § 2K2.1(b)(5) (2004). We find no error and affirm Taylor's sentence.

"When reviewing the District Court's application of the Sentencing Guidelines, . . . [w]e accept the findings of fact of the District Court unless they are clearly erroneous and give due deference to the District Court's application of the guidelines to the facts." United States v. Cutler, 36 F.3d 406, 407 (4th Cir. 1994). Our review of the record reveals that Taylor and three others attempted to confront the individual responsible for the theft of a companion's firearm. Testimonial evidence supported a finding that after some discussion on the necessity of being armed for the confrontation, Taylor retrieved a firearm in order to "go shoot his ass." Police intercepted Taylor and his three companions prior to their arrival at their intended destination. A firearm was recovered from the vehicle. Because evidence supported the district court's factual conclusions, we find that the district

court did not clearly err in its application of the challenged enhancement.

Accordingly, we affirm Taylor's sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>