**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 05-4451**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

MANUEL L. PAGE,

Defendant - Appellant.

Appeal from the United States District Court for the Southern District of West Virginia, at Beckley.  David A. Faber, Chief District Judge.  (CR-04-155)

Submitted:  February 3, 2006          Decided:  March 6, 2006

Before NIEMEYER, WILLIAMS, and MOTZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Sante E. Boninsegna, Jr., BONINSEGNA LAW OFFICE, Pineville, West Virginia, for Appellant. Charles T. Miller, Acting United States Attorney, Monica K. Schwartz, Assistant United States Attorney, Charleston, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Emmanuel L. Page, a/k/a "Manuel Page," was convicted by a jury of one count of possession of a firearm by a felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) (2000). Page was sentenced to imprisonment for eighty-four months. We find no error and affirm Page's conviction and sentence.

Page first contends the district court erred when it denied his motion to suppress evidence obtained during his encounter with law enforcement officers. Page asserts there was no basis for the officers to believe that he was a danger to anyone or that he had committed a crime. Therefore, Page argues the seizure was unreasonable and all evidence obtained pursuant thereto should have been suppressed.

We review the factual findings underlying the denial of a motion to suppress for clear error and the legal conclusions de novo. United States v. Johnson, 400 F.3d 187, 193 (4th Cir.), cert. denied, 126 S. Ct. 134 (2005). The evidence is construed in the light most favorable to the prevailing party below. United States v. Seidman, 156 F.3d 542, 547 (4th Cir. 1998).

"[T]he police can stop and briefly detain a person for investigative purposes if the officer has a reasonable suspicion supported by articulable facts that criminal activity 'may be afoot,' even if the officer lacks probable cause." United States v. Sokolow, 490 U.S. 1, 7 (1989) (quoting Terry v. Ohio, 392

U.S. 1, 30 (1968)).  In assessing the validity of a <u>Terry</u> stop, we consider the totality of the circumstances, "giving due weight to common sense judgments reached by officers in light of their experience and training."  <u>United States v. Perkins</u>, 363 F.3d 317, 321 (4th Cir. 2004), <u>cert. denied</u>, 543 U.S. 1056 (2005).

Officer McDaniel testified he responded to a call that shots had been fired in the vicinity of the Best One Tire parking lot.  When he arrived at the location, McDaniel observed a "very irate" Page following several paces behind Doreen Newsome. McDaniel was familiar with both Newsome and Page as he had previously responded to domestic incidents at Newsome's residence. In view of these circumstances, we conclude the district court did not clearly err in determining that the seizure was reasonable or that the motion to suppress should therefore be denied.

Page next contends the evidence was insufficient to support his conviction for violating 18 U.S.C. § 922(g)(1) (2000). In reviewing a sufficiency challenge, "[t]he verdict of a jury must be sustained if there is substantial evidence, taking the view most favorable to the Government, to support it."  <u>Glasser v. United States</u>, 315 U.S. 60, 80 (1942).  "[S]ubstantial evidence is evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt."  <u>United States v. Burgos</u>, 94 F.3d 849, 862 (4th Cir. 1996) (en banc).

- 3 -

In evaluating the sufficiency of the evidence, we do not "weigh the evidence or review the credibility of the witnesses." United States v. Wilson, 118 F.3d 228, 234 (4th Cir. 1997). Where the evidence supports differing reasonable interpretations, the jury decides which interpretation to believe. Id. (quotations omitted). Furthermore, "[t]he Supreme Court has admonished that we not examine evidence in a piecemeal fashion, but consider it in cumulative context." Burgos, 94 F.3d at 863 (citations omitted). "The focus of appellate review, therefore, . . . is on the complete picture, viewed in context and in the light most favorable to the Government, that all of the evidence portrayed." Id.

To prove a violation of 18 U.S.C. § 922(g)(1), the Government must establish that "(1) the defendant previously had been convicted of a crime punishable by a term of imprisonment exceeding one year; (2) the defendant knowingly possessed . . . the firearm; and (3) the possession was in or affecting commerce, because the firearm had travelled in interstate or foreign commerce at some point during its existence." United States v. Langley, 62 F.3d 602, 606 (4th Cir. 1995) (en banc). We have reviewed the evidence in the light most favorable to the government and conclude that substantial evidence supports the conviction. Though Page contends that the district court's admission of the certified penitentiary packet under Fed. R. Evid. 803(6) was improper in light of Crawford v. Washington, 541 U.S. 36 (2004), we conclude

- 4 -

*Crawford* is not applicable as the challenged evidence is by its nature nontestimonial. *See* *id.* at 56, 68.

Finally, Page contends the sentencing court erred in its application of U.S. Sentencing Guidelines Manual § 3C1.2 (2004). When reviewing the district court's application of the Sentencing Guidelines, this court accepts the findings of fact of the district court unless they are clearly erroneous and gives due deference to the district court's application of the guidelines to the facts. United States v. Cutler, 36 F.3d 406, 407 (4th Cir. 1994). Section 3C1.2 of the Sentencing Guidelines provides: "If the defendant recklessly created a substantial risk of death or serious bodily injury to another person in the course of fleeing from a law enforcement officer, increase by **2** levels." (Emphasis in original). The term "reckless" is defined as "a situation in which the defendant was aware of the risk created by his conduct and the risk was of such a nature and degree that to disregard that risk constituted a gross deviation from the standard of care that a reasonable person would exercise in such a situation." USSG § 2A1.4, comment. (n.1); see also § 3C1.2 comment. (n.2). Because Page fled from police officers while holding a loaded firearm, we conclude the district court did not clearly err in its application of § 3C1.2.

Additionally, Page argues the sentencing "process" violated United States v. Booker, 543 U.S. 220 (2005). However, in

determining a sentence post-<u>Booker</u>, sentencing courts are still required to calculate and consider the guideline range prescribed thereby as well as the factors set forth in 18 U.S.C. § 3553(a) (2000). <u>United States v. Hughes</u>, 401 F.3d 540, 546 (4th Cir. 2005). Page does not argue that his sentence is unreasonable, but rather that the "process" violated <u>Booker</u>. We conclude the district court fully complied with our guidance in <u>Hughes</u> and find no error.

Accordingly, we affirm Page's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>