**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 05-4823**

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

RICHARD ALEXANDER CLAY,

Defendant - Appellant.

_____

Appeal from the United States District Court for the Western District of Virginia, at Charlottesville. Norman K. Moon, District Judge. (CR-05-5)

_____

Submitted: March 3, 2006          Decided: April 14, 2006

_____

Before TRAXLER, SHEDD, and DUNCAN, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Helen E. Phillips, Stanardsville, Virginia, for Appellant. John L. Brownlee, United States Attorney, Jean B. Hudson, Assistant United States Attorney, Charlottesville, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Richard Alexander Clay was convicted by a jury of one count of possession of a firearm by a felon and one count of possession of a firearm by a prohibited person, in violation of 18 U.S.C. §§ 922(g)(1), (g)(8) (2000). Clay was sentenced to imprisonment for thirty-six months. We find no error and affirm Clay's convictions and sentence.

Clay contends that the evidence was insufficient to support a conviction under 18 U.S.C. § 922(g)(1). A defendant challenging the sufficiency of the evidence faces a heavy burden. See United States v. Beidler, 110 F.3d 1064, 1067 (4th Cir. 1997). "[A]n appellate court's reversal of a conviction on grounds of insufficiency of evidence should be 'confined to cases where the prosecution's failure is clear.'" United States v. Jones, 735 F.2d 785, 791 (4th Cir. 1984) (quoting Burks v. United States, 437 U.S. 1, 17 (1978)). In reviewing a sufficiency challenge, "[t]he verdict of a jury must be sustained if there is substantial evidence, taking the view most favorable to the Government, to support it." Glasser v. United States, 315 U.S. 60, 80 (1942). "[S]ubstantial evidence is evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." United States v. Burgos, 94 F.3d 849, 862 (4th Cir. 1996) (en banc).

In evaluating the sufficiency of the evidence, we do not "weigh the evidence or review the credibility of the witnesses." United States v. Wilson, 118 F.3d 228, 234 (4th Cir. 1997). When the evidence supports differing reasonable interpretations, the jury decides which interpretation to believe. Id. Furthermore, "[t]he Supreme Court has admonished that we not examine evidence in a piecemeal fashion, but consider it in cumulative context." Burgos, 94 F.3d at 863 (citations omitted). "The focus of appellate review, therefore, . . . is on the complete picture, viewed in context and in the light most favorable to the Government, that all of the evidence portrayed." Id.

To prove a violation of 18 U.S.C. § 922(g)(1), the Government must establish: (1) the defendant previously had been convicted of a crime punishable by a term of imprisonment exceeding one year; (2) the defendant knowingly possessed the firearm; and (3) the possession was in or affecting commerce. United States v. Langley, 62 F.3d 602, 606 (4th Cir. 1995) (en banc).

Clay focuses his argument entirely on the second element. As to this element, Charlene Watkins testified that she placed two firearms in Clay's backpack on September 1, 2004. Officer Goodwin testified that he saw Clay throw what he later discovered to be a firearm into the grassy area. Upon inspection, no other firearm was discovered in Clay's backpack. Additionally, the firearm offered into evidence was identified by both Watkins and Goodwin.

Because the jury had the opportunity to hear each of these witnesses and to assess their credibility, we conclude that the evidence was sufficient to support the jury's verdict.

Clay also contends the district court erred in its application of USSG § 3C1.1. When reviewing the district court's application of the Sentencing Guidelines, we accept the district court's findings of fact unless they are clearly erroneous and give due deference to the district court's application of the guidelines to the facts. United States v. Cutler, 36 F.3d 406, 407 (4th Cir. 1994). Section 3C1.1 of the Sentencing Guidelines provides that if a defendant either willfully obstructed or attempted to obstruct the administration of justice during the course of his prosecution, the offense level should be increased by two levels. Obstruction is defined to include "committing, suborning, or attempting to suborn perjury." USSG § 3C1.1, comment. (n.4).

> For a sentencing court to apply the obstruction of justice enhancement based upon perjury, it must find, by a preponderance of the evidence, that the defendant when testifying under oath (1) gave false testimony; (2) concerning a material matter; (3) with the willful intent to deceive (rather than as a result of confusion, mistake, or faulty memory).

United States v. Jones, 308 F.3d 425, 428 n.2 (4th Cir. 2002). Because Clay argues only that the district court should have credited his testimony over the officer's contrary testimony, we conclude the district court did not clearly err in its application

- 4 -

of § 3C1.1.  See United States v. Jones, 356 F.3d 529, 537 (4th Cir. 2004) (stating that factual findings of the trial court, based on the credibility of witnesses, are virtually unreviewable when there are two permissible ways to view the evidence).

Additionally, Clay argues that the district court's determination that he obstructed justice violated United States v. Booker, 543 U.S. 220 (2005), because it was neither admitted to nor found by a jury beyond a reasonable doubt.  However, in determining a sentence post-Booker, sentencing courts are still required to calculate and consider the federal Sentencing Guidelines range as well as the factors set forth in 18 U.S.C. § 3553(a) (2000). United States v. Hughes, 401 F.3d 540, 546 (4th Cir. 2005). Because Clay does not argue that his sentence is unreasonable, and the district court complied with this court's guidance in Hughes, we find no Booker error.

Accordingly, we affirm Clay's convictions and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED