**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 07-4499**

———————

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

      v.

MICHAEL LEE DRAKE,

              Defendant - Appellant.

———————

Appeal from the United States District Court for the Western District of North Carolina, at Asheville. Lacy H. Thornburg, District Judge. (1:06-cr-00010)

———————

Submitted: January 9, 2009          Decided: February 9, 2009

———————

Before NIEMEYER, KING, and GREGORY, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Henry M. Whitesides, Jr., THE LAW OFFICES OF H. M. WHITESIDES, JR., P.A., Charlotte, North Carolina, for Appellant. Gretchen C. F. Shappert, United States Attorney, Charlotte, North Carolina; Don D. Gast, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Michael Lee Drake appeals from the sentence imposed after he was convicted for the sale or disposal of firearms to a person known to be a convicted felon and possession of a firearm with an obliterated serial number. He received a forty-one month sentence. On appeal, Drake argues that the district court erred in applying a four-level enhancement at sentencing for transferring a firearm "with knowledge, intent, or reason to believe that it would be used or possessed in connection with another felony offense" under U.S. Sentencing Guidelines Manual § 2K2.1(b)(5) (2003).[*] Finding no error, we affirm.

We review a district court's findings at sentencing for clear error and its legal determinations de novo. United States v. Daughtrey, 874 F.2d 213, 217-18 (4th Cir. 1989). A determination that there are sufficient facts to impose a § 2K2.1(b)(5) enhancement is a factual finding. See United States v. Garnett, 243 F.3d 824, 828 (4th Cir. 2001) (government has burden of proving facts to support § 2K2.1(b)(5) enhancement by preponderance of the evidence and district court's fact finding is reviewed for clear error); United States v. Nale, 101 F.3d 1000, 1004 & n.3 (4th Cir. 1996) (same). This deferential

---

[*] Section 2K2.1(b)(5) was moved to subparagraph (b)(6) by Amendment 691, effective November 1, 2006. USSG Supp. to App. C, amend. 691.

standard of review requires reversal only if this court is "left with the definite and firm conviction that a mistake has been committed." United States v. Stevenson, 396 F.3d 538, 542 (4th Cir. 2005) (quoting Anderson v. Bessemer City, 470 U.S. 564, 573 (1985)).

Section 2K2.1(b)(5) provides for a four-level enhancement if the defendant transferred a firearm "with knowledge, intent, or reason to believe that it would be used or possessed in connection with another felony offense." "'Another felony offense', for purposes of subsection (b)(5), means any federal, state, or local offense, other than the explosive or firearms possession or trafficking offense, punishable by imprisonment for a term exceeding one year, regardless of whether a criminal charge was brought, or a conviction obtained." USSG § 2K2.1 comment. (n.14(C)). The district court may find that "a firearm is 'used in connection with' another felony offense if it facilitates or has a tendency to facilitate the felony offense." Garnett, 243 F.3d at 829 (citing Smith v. United States, 508 U.S. 223, 237 (1993)) (internal quotations omitted); USSG § 2K2.1 comment. (n.14(A)).

There must be evidence that the firearm had some purpose or effect with respect to the predicate felony and its presence cannot be the result of accident or coincidence. United States v. Blount, 337 F.3d 404, 411 (4th Cir. 2003). The

Government can meet its burden by showing that the gun was present for protection or to embolden the actor. United States v. Lipford, 203 F.3d 259, 266 (4th Cir. 2000) (analyzing "in relation to" element in 18 U.S.C. § 924(c) conviction).

In this case, the district court applied the enhancement based on its conclusion that Drake transferred the weapons to Walter Chambers having reason to believe that they would be used in further felonies. Drake argues that the "another felony" language of § 2K2.1(b)(5) suggests another specified felony. However, we have held that "[section] 2K2.1(b)(5) does not require a defendant's knowledge of a specific offense to be committed." United States v. Cutler, 36 F.3d 406, 408 (4th Cir. 1994). Further, the Government can meet its burden by showing that the gun was present for protection or to embolden the actor. See Lipford, 203 F.3d at 266. When the seller has personal contact with the buyer, it is "logical for the sentencing courts to infer a certain level of knowledge about their buyers' intended uses." United States v. Askew, 193 F.3d 1181, 1184-85 (11th Cir. 1999). Another felony may include those acts not charged. USSG § 2K2.1 comment. (n.7).

After reviewing the evidence, we conclude that the district court did not clearly err in finding that Drake furnished the firearms knowing they would be used to facilitate

4

or embolden Chambers in his sale of illegal drugs.  Accordingly, we affirm the sentence.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

5