**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 16-4129**

---

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

KIRT OMAR GIBBS,

        Defendant - Appellant.

---

Appeal from the United States District Court for the District of Maryland, at Greenbelt. Deborah K. Chasanow, Senior District Judge. (8:14-cr-00351-DKC-1)

---

Submitted: February 17, 2017    Decided: February 24, 2017

---

Before NIEMEYER, AGEE, and WYNN, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

Michael D. Montemarano, MICHAEL D. MONTEMARANO, P.A., Columbia, Maryland, for Appellant. Rod J. Rosenstein, United States Attorney, Michael T. Packard, Deborah A. Johnston, Assistant United States Attorneys, Greenbelt, Maryland, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A jury convicted Kirt Omar Gibbs on several counts related to his participation in a marijuana distribution conspiracy. On appeal, Gibbs raises challenges to his conviction and sentence. Finding no error, we affirm the district court's judgment.

I.

Gibbs first challenges the district court's order denying his pretrial motion to suppress evidence seized after a traffic stop. Gibbs contends that the traffic statute relied on by the officer to justify the stop, Md. Code Ann. Transp. § 21-310(a) (Lexis 2009), Maryland's following-too-closely statute ("the statute"), is unconstitutionally vague. When considering the denial of a motion to suppress, "[w]e review de novo a district court's rulings with respect to reasonable suspicion and probable cause." United States v. Palmer, 820 F.3d 640, 648 (4th Cir. 2016).

However, we need not reach the constitutionality of the statute. Even if we were to conclude that the statute at issue is vague, the officer was entitled to rely on the statute unless it was "clearly unconstitutional." Illinois v. Krull, 480 U.S. 340, 349 (1987). Our sister circuits have rejected arguments similar to Gibbs'. See, e.g., United States v. Gregory, 302 F.3d 805, 808-09 (8th Cir. 2002); United States v. Inocencio, 40 F.3d 716, 728 (5th Cir. 1994). Moreover, law enforcement

2

officers had reasonable suspicion that Gibbs was engaged in drug trafficking; that suspicion also supported the stop. Illinois v. Wardlow, 528 U.S. 119, 123-24 (2000); United States v. Massenburg, 654 F.3d 480, 492 (4th Cir. 2011). Thus, we affirm the district court's denial of the motion to suppress.

## II.

Gibbs next challenges the admission into evidence of text messages recovered from his cell phone. To the extent Gibbs properly objected to the admission of the text messages, we review the district court's "evidentiary rulings for abuse of discretion." United States v. Faulls, 821 F.3d 502, 508 (4th Cir. 2016). To the extent Gibbs failed to object, or raises a new argument with respect to that evidence on appeal, we review for plain error. United States v. Moore, 810 F.3d 932, 939 (4th Cir. 2016). "[W]e may reverse only on a finding that (1) there was error, (2) that was plain, (3) that affected substantial rights, and (4) that seriously affected the fairness, integrity, or public reputation of judicial proceedings." Id. (alterations and internal quotation marks omitted).

Gibbs first contends that the Government failed to adequately authenticate the text messages. Because Gibbs only objected on hearsay grounds in the district court, we review this contention for plain error. In general, "[t]o satisfy the requirement of authenticating an item of evidence, the proponent

3

must produce evidence sufficient to support a finding that the item is what the proponent claims it is." Fed. R. Evid. 901(a). "The burden to authenticate under Rule 901 is not high — only a prima facie showing is required." United States v. Vidacak, 553 F.3d 344, 349 (4th Cir. 2009) (internal quotation marks omitted). Here, the Government presented a sufficient basis to conclude that the text messages were authored by Gibbs, and thus the district court did not plainly err in admitting the messages.

Gibbs next contends that the district court erred in admitting incoming text messages from his phone, because they were hearsay, offered for the truth of the matter asserted. See Fed. R. Evid. 801(c)(2). However, a statement is not hearsay if it is offered to show its effect on the listener. United States v. Safari, 849 F.2d 891, 894 (4th Cir. 1988). Gibbs' outgoing messages were admissible under Fed. R. Evid. 801(d)(2)(A), and the incoming messages were admissible to show their effect on Gibbs. Thus, we conclude the district court did not abuse its discretion in admitting the messages.

III.

Finally, Gibbs contends that the district court erred in calculating his base offense level, because the rule of lenity required the court to attribute to him only 50 kilograms of marijuana, as opposed to the nearly 100 kilograms the district

4

court attributed. Because Gibbs' argument is a legal one, we review de novo the district court's determination of the base offense level.* United States v. Horton, 693 F.3d 463, 474 (4th Cir. 2012). The rule of lenity only "applie[s] in the context of the Sentencing Guidelines" if "there is a grievous ambiguity or uncertainty in the language and structure of a [Guideline]." United States v. Cutler, 36 F.3d 406, 408 (4th Cir. 1994) (internal quotation marks omitted). Gibbs points to no ambiguity in the Sentencing Guidelines, and we conclude the district court did not err in relying on the jury's verdict in attributing to Gibbs just under 100 kilograms of marijuana.

IV.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED

---

* Gibbs also contends that the district court erred in not applying a 2-level reduction for acceptance of responsibility; however, the district court did credit Gibbs for acceptance of responsibility.

5