**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-4852**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

TRACEY LAMONT COAD,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  William L. Osteen, Jr., Chief District Judge.  (1:13-cr-00300-WO-1)

Submitted:  September 18, 2017                        Decided:  September 26, 2017

Before KEENAN, WYNN, and FLOYD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

James B. Craven, III, Durham, North Carolina, for Appellant.  Sandra J. Hairston, Acting United States Attorney, Kyle D. Pousson, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Tracey Lamont Coad pled guilty pursuant to a plea agreement to possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(e) (2012), and was sentenced under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e), to 212 months' imprisonment. Coad appealed, and this Court affirmed the criminal judgment. The Supreme Court of the United States granted Coad's petition for a writ of certiorari, vacated this Court's judgment, and remanded for further consideration in light of the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015) (holding residual clause of ACCA void for vagueness). *Coad v. United States*, 136 S. Ct. 107 (2015). This Court later granted the parties' joint motion to remand, vacated Coad's ACCA sentence, and remanded to the district court for resentencing.

On remand, the district court calculated Coad's Guidelines range under the U.S. Sentencing Guidelines Manual (2013) at 78 to 97 months' imprisonment and sentenced him to 97 months' imprisonment. On appeal from the amended criminal judgment, Coad challenges his sentence, arguing that the district court erred by applying the attempted murder cross-reference under USSG § 2A2.1(a)(2) instead of the aggravated assault cross-reference under USSG § 2A2.2. We affirm.

When evaluating Guidelines calculations, including the application of a cross-reference, this Court reviews the district court's legal conclusions de novo and its factual findings for clear error. *United States v. Cox*, 744 F.3d 305, 308 (4th Cir. 2014). Section 2A2.1 of the Guidelines provides for a base offense level of 33 "if the object of the offense would have constituted first degree murder," as defined in 18 U.S.C. § 1111

2

(2012), or 27 "otherwise." USSG § 2A2.1(a) & cmt. n.1 & background. Section 1111, in turn, defines murder in the first degree as "the unlawful killing of a human being with malice aforethought," that is, "[e]very murder perpetrated by . . . willful, deliberate, malicious, and premeditated killing." 18 U.S.C. § 1111(a). We conclude that Coad's offense conduct in entering a residence while armed, seeking out the victim, shooting the victim once during a confrontation, and shooting the victim three more times after the victim asked why Coad was doing so easily constitutes attempted first degree murder. The district court thus did not reversibly err in applying the attempted murder cross-reference under USSG § 2A2.1(a)(2).

On appeal, Coad concedes the plausibility of this conclusion but argues that his conduct could constitute aggravated assault and that the rule of lenity should apply and allow application of the aggravated assault Guideline and its lower base offense level. Under the rule of lenity, "where there is ambiguity in a criminal statute, doubts are resolved in favor of the defendant." *United States v. Bass*, 404 U.S. 336, 348 (1971). Although this Court has held that the rule may be applied to the Sentencing Guidelines, "it is not applicable unless there is a grievous ambiguity or uncertainty in the language and structure" of the Guideline. *United States v. Cutler*, 36 F.3d 406, 408 (4th Cir. 1994) (internal quotation marks omitted). Coad's argument for application of the rule of lenity fails, because the Guidelines are explicit that, in applying a cross-reference when the offense conduct involved multiple other offenses, the most serious such offense is to be used. USSG § 1B1.5 cmt. n.3; *see* USSG §§ 2K2.1(c), 2X1.1(c).

3

We therefore affirm the amended criminal judgment. We deny Coad's motions seeking leave to file pro se supplemental briefs. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this Court and argument would not aid the decisional process.

*AFFIRMED*