**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 05-4090**

———————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

ANTHONY WADE MELVIN,

Defendant - Appellant.

———————

Appeal from the United States District Court for the Middle District of North Carolina, at Durham. James A. Beaty, Jr., District Judge. (CR-04-247)

———————

Submitted: August 12, 2005          Decided: September 21, 2005

———————

Before MOTZ and DUNCAN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

———————

Vacated and remanded by unpublished per curiam opinion.

———————

Thomas N. Cochran, Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant. Anna Mills Wagoner, United States Attorney, Lisa B. Boggs, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Anthony Wade Melvin pled guilty to bank robbery in violation of 18 U.S.C. § 2113(a) (2000) and was sentenced to 151 months' imprisonment. On appeal, Melvin asserts the district court erred when it concluded he was a career offender under U.S. Sentencing Guidelines Manual § 4B1.1. Melvin also argues that the court violated the Sixth Amendment under United States v. Booker, 125 S. Ct. 738 (2005); in the alternative, he argues that the court erred by applying the sentencing guidelines as mandatory. We vacate his sentence and remand for resentencing.

This court reviews a district court's legal interpretation of the sentencing guidelines de novo. United States v. Cutler, 36 F.3d 406, 407 (4th Cir. 1994). The only contested issue in determining Melvin's status as a career offender is whether Melvin has "at least two" relevant prior "convictions," as required by USSG § 4B1.1(a)(3). This court has held that the term "conviction" in the career offender sentencing guideline refers to "the finding of guilt by a judge or jury precedent to the entry of a final judgment of conviction." United States v. Brandon, 363 F.3d 341, 347 (4th Cir. 2004). Because Melvin pled guilty to four offenses, the district court properly concluded that he was a career offender.

Melvin argues that his prior convictions should count as only one "conviction" under the career offender sentencing guideline

because he received only one sentence, and they are therefore "related" under USSG § 4A1.2(a)(2). However, "[p]rior sentences are not considered related if they were for offenses that were separated by an intervening arrest (i.e., the defendant is arrested for the first offense prior to committing the second offense)." USSG § 4A1.2, comment. (n.3); United States v. Huggins, 191 F.3d 532, 539 (4th Cir. 1999) (despite consolidated sentences, "[b]ecause there was an intervening arrest, Huggins cannot avoid classification as a career offender by arguing that his offenses were related"). When Melvin was arrested for felonious assault, charges were then—pending against him in state court for felonious possession with intent to sell and deliver marijuana, felonious maintaining of a vehicle or dwelling for controlled substances, and misdemeanor possession of drug paraphernalia. The state court consolidated the cases for judgment, resulting in one sentence. We find the district court properly concluded the offenses were unrelated because of the intervening arrest for felonious assault. Therefore, Melvin is a career offender under USSG § 4B1.1.

Next Melvin argues that the court violated the Sixth Amendment under Booker. He asserts two claims in support of this position. First, Melvin contends that the court found facts that subjected him to a career offender status and that were neither admitted nor found by a jury beyond a reasonable doubt. In United States v. Cheek, 415 F.3d 349, 352 (4th Cir. 2005), this court held

- 3 -

"that the Sixth Amendment (as well as due process) does not demand that the mere fact of a prior conviction used as a basis for a sentencing enhancement be pleaded in an indictment and submitted to a jury for proof beyond a reasonable doubt."  Here, although the district court relied on the existence of Melvin's prior convictions to find that he was a career offender and to enhance his sentence, the facts relied upon were all inherent to the fact of his prior conviction.  Therefore, we conclude that the district court did not err in designating Melvin as a career offender, and Melvin's sentence did not violate the Sixth Amendment on that basis.

Melvin also argues that the district court erred by applying the sentencing guidelines as mandatory and that the error affected his substantial rights.  Even if we assume plain error analysis applies, as the Government argues, we conclude plain error occurred that affected Melvin's substantial rights.  The court sentenced Melvin at the very bottom of the calculated guidelines range.  Simultaneously, however, the court announced an alternative sentence, applying Blakely v. Washington, 542 U.S. 296 (2004), to the guidelines, that was far below the actual sentence it imposed. We conclude therefore that Melvin has established his substantial rights have been affected by the court's application of the sentencing guidelines as mandatory.  See United States v. White, 405 F.3d 208, 223-24 (4th Cir. 2005); United States v. Hughes, 401

F.3d 540, 555 (4th Cir. 2005).  We therefore vacate his sentence and remand for resentencing in accordance with Booker.[*]

Although the sentencing guidelines are no longer mandatory, Booker makes clear that a sentencing court must still "consult [the] Guidelines and take them into account when sentencing."  125 S. Ct. at 767.  On remand, the district court should first determine the appropriate sentencing range under the guidelines, making all factual findings appropriate for that determination.  See Hughes, 401 F.3d at 546 (applying Booker on plain error review).  The court should consider this sentencing range along with the other factors described in 18 U.S.C. § 3553(a) (2000), and then impose a sentence.  Id.  If that sentence falls outside the guidelines range, the court should explain its reasons for the departure as required by 18 U.S.C. § 3553(c)(2) (2000).  Id.  The sentence must be "within the statutorily prescribed range and . . . reasonable."  Id. at 546-47.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

VACATED AND REMANDED

---

[*]Just as we noted in Hughes, 401 F.3d at 545 n.4, "[w]e of course offer no criticism of the district judge, who followed the law and procedure in effect at the time" of Melvin's sentencing.

- 5 -