**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

―――――――――

**No. 05-5250**

―――――――――

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

ANTHONY WADE MELVIN,

Defendant - Appellant.

―――――――――

Appeal from the United States District Court for the Middle District of North Carolina, at Durham.  James A. Beaty, Jr., District Judge. (CR-04-247)

―――――――――

Submitted:  October 31, 2006       Decided:  December 4, 2006

―――――――――

Before MOTZ and DUNCAN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

―――――――――

Affirmed by unpublished per curiam opinion.

―――――――――

Thomas N. Cochran, Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant.  Lisa Blue Boggs, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

―――――――――

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Anthony Wade Melvin appeals his 151-month sentence resulting from his guilty plea to unarmed bank robbery in violation of 18 U.S.C. § 2113(a) (2000). This court previously affirmed Melvin's conviction on direct appeal but vacated and remanded Melvin's sentence in light of United States v. Booker, 543 U.S. 220 (2005). See United States v. Melvin, 147 F. App'x 370 (4th Cir. 2005). In the instant appeal, Melvin's attorney has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), certifying there are no meritorious issues for appeal, but raising the issue of whether Melvin's sentence was unduly harsh. Melvin's counsel concedes the issue is foreclosed by United States v. Green, 436 F.3d 449 (4th Cir. 2006), cert. denied, 126 S. Ct. 2309 (2006). Finding no reversible error, we affirm.

After the Supreme Court's decision in Booker, a sentencing court is no longer bound by the range prescribed by the Sentencing Guidelines. See United States v. Hughes, 401 F.3d 540, 546 (4th Cir. 2005). However, in determining a sentence post-Booker, sentencing courts are still required to calculate and consider the guideline range as well as the factors set forth in 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2005). As stated in Hughes, this court will affirm a post-Booker sentence if it is both reasonable and within the statutorily prescribed range. Id. at 546-47. Further, this court has stated that "while we believe that

the appropriate circumstances for imposing a sentence outside the guideline range will depend on the facts of individual cases, we have no reason to doubt that most sentences will continue to fall within the applicable guideline range." <u>United States v. White</u>, 405 F.3d 208, 219 (4th Cir.), <u>cert. denied</u>, ___ U.S. ___, 126 S. Ct. 668 (2005). Indeed, "a sentence imposed 'within the properly calculated Guidelines range . . . is presumptively reasonable.'" <u>United States v. Green</u>, 436 F.3d 449, 456-57 (4th Cir. 2006) (quoting <u>United States v. Newsom</u>, 428 F.3d 685, 687 (7th Cir. 2005)), <u>cert. denied</u>, ___ U.S. ___, 126 S. Ct. 2309 (2006) (No. 05-8986).

We find that the district court properly calculated the guideline range and appropriately treated the guidelines as advisory. The court sentenced Melvin only after considering and examining the factors set forth in § 3553(a). The court also clearly noted that it found the guidelines, "although advisory, provide an appropriate basis for determining a sentence in this case." Based on these factors, and because the court sentenced Melvin within the applicable guideline range and the statutory maximum, we find that Melvin's sentence of 151 months of imprisonment is reasonable.

Pursuant to <u>Anders</u>, we have examined the entire record and find no meritorious sentencing issues for appeal.[*] Accordingly, we affirm Melvin's conviction and sentence. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. Accordingly, we also deny counsel's motion to withdraw as counsel. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may renew his motion for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

---

[*]Because this case is back before the court after remand for resentencing, the scope of our review is limited to sentencing issues.